FILED
AUG 20 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Louis A. Banks, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 18-452 (UNA)
 )
 )
Kenyan McDuffie *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION

The Court has carefully considered, and liberally construed, plaintiff's First Amended Complaint for Damages [Dkt. # 5], submitted in response to the May 1, 2018 Order, which identified the deficiencies of the initial complaint. Proceeding *pro se* and *in forma pauperis*, Plaintiff invokes 42 U.S.C. § 1983 and also alleges common law claims of, *inter alia*, false arrest, false imprisonment and negligence. His list of defendants includes members of the legislative, executive, and judicial branches of local government and the Attorney General of the United States. *See* Compl. Caption. Plaintiff seeks $30 million in monetary damages. Am. Compl. at 18.

Despite the amended complaint's prolixity, it stems from a previously adjudicated "incident that occurred on September 17, 2015 at the Inspired Teaching School, a public charter school in the District of Columbia," involving plaintiff's minor child ("DB") and, among others, officers of the Metropolitan Police Department ("MPD"). *Banks v. Inspired Teaching Sch.*, 243 F. Supp. 3d 1, 2 (D.D.C. 2017), *aff'd*, No. 17-7048, 2017 WL 4220006 (D.C. Cir. Aug. 1, 2017)

1

(per curiam) (record citations omitted); *cf.* Am. Compl. at 6 ("On September 17, 2015 at 200 Douglas St NE Washington DC . . . at DB 6 year old minor child elementary school John Doe Officers or . . . Officer 5th Metropolitan Police Department's officer, force interrogated, terrorize, victimize DB . . . minor child for 6/hours searching him violating his privacy and father . . . ."); *id.* at 13-17 ("Claims for Relief"). As a judge of this Court determined last year on a fully briefed record, "a prior action against [the District of Columbia and others] based on the same facts culminated in an adjudication of the merits of the plaintiffs' claims by the Superior Court." *Banks*, 243 F. Supp. 3d at 5. As a result, plaintiff's claims against the District of Columbia defendants, including those based on constitutional violations, are "barred by the doctrine of res judicata." *Id.*; *see Banks*, 2017 WL 4220006, at *1 ("Contrary to appellants' assertion, the Superior Court did have jurisdiction to adjudicate the appellants' 42 U.S.C. § 1983 claims.") (citing *Haywood v. Drown*, 556 U.S. 729, 735 (2009)).

Plaintiff complains also about (1) alleged acts and omissions that occurred during judicial proceedings in D.C. Superior Court, and (2) the local legislative process, which together underlie his purported claims of breach of contract, fraud, negligence, and intentional infliction of emotional distress. *See* Compl. ¶¶ 2-4, 36-59, 72-84. But the "immunity of parties and witnesses . . . in judicial proceedings" is "well established," *Briscoe v. LaHue*, 460 U.S. 325, 330 (1983), as is the immunity of state judges and prosecutors sued for their judicial acts, *id.* at 334, and state and local legislators sued "for their legislative activities," *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Finally, plaintiff has stated no facts implicating the U.S. Attorney General in any misconduct, nor can he plausibly do so. Therefore, any claim that it is not procedurally barred is dismissed pursuant to 28 U.S.C. § 1915(e)(2) on the grounds of immunity and failure to state a claim upon which relief may be granted. *See id.* (requiring dismissal of the case "at any

2

time" the court finds that the action, among other grounds, fails to state a claim or "seeks monetary relief against [an immune] defendant"). A separate order accompanies this Memorandum Opinion.

Date: August 16, 2018

United States District Judge